UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-00512-WTL-MPB |
| ) | |
| GWENDOLYN M. HORTH individually and in ) | |
| her official capacity as the Chairwoman of the ) | |
| Indiana Parole Board, et al. ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the five members of the Indiana Parole Board and a Jane Doe employee of the Indiana Department of Correction. He alleges that the defendants violated his due process right to present documentary evidence at his parole hearing on November 12, 2017. Specifically, he alleges he brought a psychiatric report to the video hearing that he wished to have faxed to the Parole Board members for their consideration, but it was not provided to them and thus they did not consider it. He seeks monetary damages and injunctive relief—namely, a new parole board hearing under certain conditions.

First, the plaintiff's claims against unknown John Doe or Jane Doe defendants must be **dismissed**. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Second, the plaintiff may not obtain monetary damages against the remaining five defendants, who are all members of the Indiana Parole Board and thus entitled to absolute immunity. Actions by parole board members "that are 'inexorably connected with the execution of parole revocation procedures and are analogous to judicial action' invoke absolute immunity." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) (quoting *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994)). The procedures followed at the parole hearing—i.e., whether or not the plaintiff can present documentary evidence—clearly fall within this standard.

However, the plaintiff's due process claim seeking injunctive relief **shall proceed**. *See Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005). This claim is an official capacity claim and thus need not be asserted against each member of the Indiana Parole Board. Therefore, the claim shall proceed only against Gwendolyn Horth in her official capacity as Chair of the Indiana Parole Board.

## II.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Gwendolyn Horth in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed** to update the docket to reflect that Gwendolyn Horth is the only defendant in this action.

**IT IS SO ORDERED.**

Date: 11/15/17

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. HOLLEMAN
10067
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

By Electronic Service to IDOC:

Gwendolyn Horth, Chair, Indiana Parole Board