UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17-cv-00512-WTL-DLP ) |
| GWENDOLYN M. HORTH individually and in her official capacity as the Chairwoman of the Indiana Parole Board, | ) ) ) ) |
| Defendant. | ) ) |

**Order Granting Motion to Dismiss and Directing Entry of Final Judgment**

For the reasons explained below, Defendant Gwendolyn M. Horth's motion to dismiss, Dkt. No. 19, is **granted**.

**I. Standard of Review**

Ms. Horth seeks dismissal of the claims against her pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).

## II. Factual Background

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the Complaint, and draws all possible inferences in Mr. Holleman's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Plaintiff Robert L. Holleman brought this action pursuant to 42 U.S.C. § 1983 against members of the Indiana Parole Board. He alleged that the Board violated his due process right to present documentary evidence at his parole hearing on November 12, 2017. Specifically, he alleges he brought a psychiatric report to the video hearing that he wished to have faxed to the Parole Board members for their consideration, but it was not provided to them and thus they did not consider it. He sought injunctive relief – namely, a new parole board hearing under certain conditions.

The Court screened Mr. Holleman's complaint on November 15, 2017 and allowed his due process claim for injunctive relief to proceed against Gwendolyn Horth in her official capacity as Chair of the Indiana Parole Board. Dkt. No. 4.

## III. Discussion

Ms. Horth argues that there is no due process right associated with parole hearings. Because there is no due process right, she argues that the action must be dismissed for failure to state a claim upon which relief can be granted. She further argues that the Court should decline supplemental jurisdiction over any state law claim, and, in any case, any state law claim is precluded by the Eleventh Amendment. Mr. Holleman did not file a response and the time to do so has passed.

A prisoner has no federal constitutional right to be released before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Moreover, under Indiana statutes, "a prisoner has neither a liberty nor a property interest in his application for parole." *Huggins v. Isenbarger*, 798 F.2d 203, 206 (7th Cir. 1986); *Averhart v. Tutsie*, 618 F.2d 479, 482 (7th Cir. 1980) ("we hold that Indiana state prisoners do not have a protectible interest in being paroled"); *see also Hendrix v. Borkowski*, 927 F.2d 607 (7th Cir. 1991) ("This court has concluded that the Indiana parole scheme creates neither a liberty nor property interest in an application for parole.") (citing *Huggins*). When no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).

Mr. Holleman's sole federal claim is that the Board violated his due process right to present documentary evidence at his parole hearing. Because he has no due process right associated with the parole hearing, his claim must be dismissed for failure to state a claim.

Mr. Holleman also stated that the Indiana Parole Board violated Indiana Code 11-13-3-3(i), which states that "[t]he hearing prescribed by this section may be conducted in an informal manner without regard to rules of evidence. In connection with the hearing, however: … (3) the person being considered may appear, speak in the person's own behalf, and present documentary evidence." To the extent Mr. Holleman is alleging a state law claim in connection to the Indiana Parole Board's alleged violation of this statute, at this early stage of litigation, the Court declines to exercise supplemental jurisdiction having already dismissed all claims over which it has original jurisdiction. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c); *see also Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("In the usual case in which all federal claims are dismissed before trial, the balance of these factors

will point to declining to exercise jurisdiction over any remaining pendent state-law claims rather than resolving them on the merits.").

Finally, Mr. Holleman requested injunctive relief in the form of a new parole board hearing at which Mr. Holleman is allowed to present relevant documentary evidence and at which none of his original parole hearing members are allowed to participate in that hearing.

The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016); *see also Moore v. Indiana*, 999 F.2d 1125, 1128-1129 (7th Cir. 1993) (*citing Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Likewise, "state officials in their official capacities are also immune from suit under the Eleventh Amendment." *Joseph*, 432 F.3d at 748. There are three exceptions to the Eleventh Amendment bar. *Nuñez*, 817 F.3d at 1044. First, a state may waive its sovereign immunity and consent to suit in federal court. *Id*. at 1044-46. Second, Congress may abrogate a state's sovereign immunity through an "unequivocal exercise" of valid legislative power through Section 5 of the Fourteenth Amendment. *Id*. Third, the Eleventh Amendment does not bar suits against state officials in their official capacities if the only relief sought is prospective injunctive relief for ongoing violations of federal law. *Nuñez*, 817 F.3d at 1044; *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

No exception to the Eleventh Amendment is applicable here, and thus Mr. Holleman's requested injunctive relief cannot be granted by this Court. *See Pennhurst*, 465 U.S. at 106 ("On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").

## IV. Conclusion

Because all federal claims have been dismissed for failure to state a claim and the Court declines to exercise supplemental jurisdiction, this case must be dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/6/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. HOLLEMAN
10067
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov